**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,     )
    )
    Plaintiff,     )
    )
    )     Cr. ID No. 1310001581
    )
SEAN R. GREEN,     )
    )
    Defendant.     )

Submitted: August 8, 2019
Decided: September 19, 2019

**COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED**

Matthew C. Bloom, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Sean R. Green, Howard R. Young Correctional Center, Wilmington, Delaware, *pro se*.

PARKER, Commissioner

This 19th day of September 2019, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1. On November 25, 2013, Defendant Sean Green was indicted on six charges stemming from incidents that occurred on October 3, 2013. There were three charges stemming from an attempted robbery (Attempted Robbery First Degree, Possession of a Firearm During the Commission of a Felony, and Conspiracy Second Degree). These charges were subsequently dropped. The three remaining charges, unrelated to the robbery charges, involved gun related charges: Carrying a Concealed Deadly Weapon ("CCDW"), Possession of a Firearm by a Person Prohibited ("PFBPP"), and Possession of Ammunition by a Person Prohibited ("PABPP").

2. On May 21, 2014, a Superior Court jury found Green guilty of the three gun related charges: CCDW, PFBPP, and PABPP. Defendant was sentenced to a total of twenty-six years of Level V incarceration, suspended after eleven years, for decreasing levels of supervision.

3. Green filed a direct appeal to the Delaware Supreme Court. On July 14, 2015, the Delaware Supreme Court affirmed the conviction and sentence of the Superior Court.[1]

---

[1] *Green v. State,* 2015 WL 4351049 (Del.).

4. On January 19, 2016, Green filed a Motion for Correction of Illegal Sentence and on January 22, 2016, Green filed a Motion for Sentence Reduction. By Order dated May 18, 2016, the court denied Green's motions for sentence modifications concluding that the sentence was appropriate for all the reasons stated at the time of sentencing.[2]

5. On January 19, 2016, Green filed his first motion for postconviction relief. In his first Rule 61 motion for postconviction relief, Green raised a number of claims including ineffective assistance of counsel claims, alleged trial court errors, and alleged shortcomings and deficiencies by the State.

6. The Superior Court Commissioner conducted a full, thorough and detailed review of Green's claims raised in his first Rule 61 motion. The record was expanded and trial counsel filed an affidavit in response to the allegations of ineffectiveness, the State filed a response to Green's motion, and Green filed a reply thereto. Following that careful review, the Superior Court Commissioner recommended the denial of Green's Rule 61 motion.[3]

7. After conducting a careful and *de novo* review of the record and the Commissioner's Report and Recommendation recommending the denial of Green's

---

[2] Superior Court Docket No. 50.
[3] *State v. Green,* 2016 WL 6156169 (Del.Super. 2016).

2

motion, the Superior Court adopted the Commissioner's Report and Recommendation and denied Green's Rule 61 motion.[4]

8. Thereafter, on July 18, 2019, Green filed a motion to modify his Level V sentence. By Order dated July 26, 2019, the Superior Court denied the motion finding that the sentence was appropriate for all the reasons stated at the time of sentencing.[5]

## GREEN'S SUBJECT RULE 61 MOTION

9. On July 29, 2019, Green filed the subject Rule 61 motion. In the subject motion, Green contends that the crimes of PFBPP and PABPP should not be two separate charges but should be merged into one. Green claims that the two separate charges are ambiguous and confusing and violates double jeopardy principles.

10. On August 7, 2019, the motion was assigned to the undersigned Commissioner.

11. Although Green has not satisfied the pleading requirements for proceeding with this motion, and therefore the merits of his claim need not be addressed, it is noted that Green's claim is simply meritless. Green has not cited to any legal authority in support of his claim and indeed there is none.

---

[4] *State v. Green*, 2016 WL 6875957 (Del.Super. 2016).
[5] See, Superior Court Docket No. 62.

12. The crimes of PFBPP and PABPP are, of course, separate and distinct charges: PFBPP involves the knowing possession of a *firearm*; PABPP involves the knowing possession of *ammunition* for a firearm. The indictment clearly and unambiguously provided that one charge, Count V, was for Green's possession of a firearm by a person prohibited arising out of the October 3, 2013 incident and that another charge, Count VI, was for Green's possession of ammunition by a person prohibited arising out of the October 3, 2013 incident.

13. In this case, the jury was properly instructed on the separate and distinct charges and the evidence that the State needed to prove in order for Green to be found guilty of each of the respective charges.[6]

14. Green's claim is wholly without legal support and is without merit.

15. Despite having done so, the merits of Green's claim need not have been addressed because Green failed to satisfy the pleading requirements that must be met before proceeding with consideration of the merits of the claim.

16. Rule 61 mandates that in second or subsequent postconviction motions, the motion shall be summarily dismissed unless the defendant establishes: 1) that *new* evidence exists that creates a strong inference that the defendant is actually innocent of the charges for which he was convicted, or 2) the existence of a *new* rule of constitutional law made retroactive to cases on collateral review rendered his

---

[6] May 21, 2014 Trial Transcript, at pgs. 31-35.

4

convictions invalid.[7] If it plainly appears from the motion for postconviction relief that the movant is not entitled to relief, the Court may enter an order for its summary dismissal and cause the movant to be notified.[8]

17. In this case, Green has not pled with particularity that any *new* evidence exists that creates a strong inference that he is actually innocent of the charges for which he was convicted or that there is a *new* rule of law that would render his conviction invalid. In fact, Green has not cited to any legal authority in support of his claim, let alone a new rule of law that would render his conviction invalid.

18. Green has failed to meet the pleading requirements allowing him to proceed with this Rule 61 motion. In accordance with the mandates of Rule 61, Green's Rule 61 motion should be summarily dismissed.[9]

19. Green's motion also falls short of other procedural requirements that must be met in order to proceed with the merits of his claims. If a procedural bar exists, then the claim is barred and the court should not consider the merits of the claim.[10]

20. Rule 61 (i) imposes four procedural imperatives: (1) the motion must be filed within one year of a final order of conviction;[11] (2) any basis for relief must be asserted in the first timely filed motion for postconviction relief absent exceptional

---

[7] Super.Ct.Crim.R. 61(d)(2) & (5); and Rule 61(i) (effective June 4, 2014).
[8] Super.Ct.Crim.R. 61(d)(5).
[9] Super.Ct.Crim.R. 61(d)(2) & (5); and Rule 61(i).
[10] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[11] Super.Ct.Crim.R. 61(i)(1).

5

circumstances (ie. discovery of *new* evidence or *new* rule of constitutional law) warranting a subsequent motion being filed; (3) any basis for relief must have been asserted at trial or on direct appeal as required by the court rules unless the movant shows prejudice to his rights and cause for relief; and (4) any basis for relief must not have been formally adjudicated in any proceeding. The bars to relief however do not apply to a claim that the court lacked jurisdiction or to a claim that new evidence exists that movant is actually innocent or that there is a new law, made retroactive, that would render the conviction invalid.[12]

21.     In the subject action, Green's motion is time-barred.[13]  In order to be timely filed, a Rule 61 motion must be filed within one year of a final order of conviction.[14] In this case, the final order of conviction was in July 2015,[15] and this motion was filed in July 2019, about four years later. This motion was filed well outside the applicable one-year limit.  Green's claim, at this late date, is time-barred.

22.     As previously discussed, Rule 61(i)(2) further precludes this court's consideration of Green's motion since Green has not satisfied the pleading requirements for proceeding with this motion.  Green has not established that *new* evidence exists creating a strong inference of Green's actual innocence or the

---

[12]  Super.Ct.Crim.R. 61 (effective June 4, 2014).
[13]  *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[14]  Super.Ct.Crim.R. 61(i)(1).
[15]  Super.Ct.Crim.R. 61(m)(2).

existence of a *new* rule of constitutional law made retroactive to this case that would render his conviction invalid.

23. Rule 61(i)(3) also prevents this court from considering any claim raised by Green at this late date that had not previously been raised. Green was aware of, had time to, and the opportunity to raise the claim presented herein in a timely filed motion.

24. Green has not established any prejudice to his rights and/or cause for relief. Green had time and opportunity to raise the legal issue raised herein on direct appeal and/or in a timely filed postconviction motion. There is no just reason for Green's four-year delay in doing so. Having been provided with a full and fair opportunity to present any issue desired to be raised in a timely filed motion, any attempt at this late juncture to raise a claim is procedurally barred.

25. Green has failed to meet the pleading requirements for proceeding with the subject motion and, therefore, this motion should be summarily dismissed. Green's motion is also time-barred and otherwise procedurally barred.

26. Green has requested transcripts and certified copies of court documents at the State's expense. There is no absolute right, absent a showing of good cause, to free transcripts or court documents on collateral review.[16] Since Green's claim presented

---

[16] *In the Matter of the Petition of Shamar Stanford for a Writ of Mandamus*, 2019 WL 494456, *1 (Del.).

in this second Rule 61 motion is procedurally barred there is no need for the materials requested. These materials will not aid in the presentation or consideration of Green's second Rule 61 motion. Green's request for transcripts and/or certified copies of court documents at the State's expense are denied.

For all of the foregoing reasons, Green's Motion for Postconviction Relief should be SUMMARILY DISMISSED.

**IT IS SO RECOMMENDED.**

Commissioner Lynne M. Parker

cc:    Prothonotary